May 6, 1993

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

____________________

No. 92-2401 

SCOTT W. VEALE AND DAVID T. VEALE,

Plaintiffs, Appellants,

v.

TOWN OF MARLBOROUGH, N.H.,

Defendant, Appellee.

 

No. 92-2402

SCOTT W. VEALE AND DAVID T. VEALE,

Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA, ET AL.,

Defendants, Appellees.

____________________

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, 
U.S. District Judge
]

____________________

Before

 Breyer, 
Chief Judge
,

Torruella and Cyr, 
Circuit Judges
.

____________________

Scott W. Veale
 and 
David T. Veale
 on brief pro se.

____________________

____________________

Per Curiam
The district court dismissed the complaints before defendants were served with process. Because appellants were proceeding in forma pauperis this implicates the concerns of 
Neitzke
 v. 
Williams
, 490 U.S. 319 (1989), that such complaints should not be dismissed sua sponte without adequate notice to plaintiffs and an opportunity to cure the complaint's deficiencies. However, in this case, the matters were referred first to a magistrate judge who filed reports and recommendations noting the deficiencies. Appellants then responded by filing objections which explained in more detail their allegations. Only after the objections were filed did the district court dismiss the complaints. This is sufficient under 
Neitzke
. 
See
 
Purvis
 v. 
Ponte
, 929 F.2d 822, 826-27 (1st Cir. 1991) (per curiam).

I
.
 
Appeal No. 92-2402

A. 
The 
Complaint
.

In the complaint filed in this action, appellants named as defendants Charles Eggert, a private citizen and attorney, the State of New Hampshire and the United States government.

Count I concerns actions taken by Eggert in 1984 relating to certain parcels of real estate in which appellants claim an interest. Appellants aver that their parents had conveyed these properties to them in 1984 through deeds prepared by Eggert. Appellants then allege that Eggert, who represented appellants' parents in bankruptcy proceedings apparently initiated in 1983, modified certain purchase and sale agreements and filed pleadings in the bankruptcy court in an effort to deprive appellants of their interests in the parcels of land.

In Count II, appellants attack the action of the bankruptcy court in approving the sale of two of the pieces of land in which appellants claimed an interest. From the papers attached to the complaint, it appears that the bankruptcy court held that appellants had not acquired any rights under the deeds allegedly prepared by Eggert. Appellants assert that the bankruptcy court acted outside its jurisdiction and precluded the resolution of the underlying dispute concerning title to the land in question by approving the sale. As a result, appellants allege that they were deprived of their property without due process of law.

Count III relates to an action initiated by appellants in 1986 in a New Hampshire superior court. In this state case, appellants sought to recover the parcels of land that had been sold upon the approval of the bankruptcy court. According to the order attached to appellants' complaint, the state court found that the determination of the bankruptcy court that appellants had acquired no interest in the property precluded appellants from having standing to assert any claims to the real estate. Appellants allege that the superior court violated their rights under the Fourteenth Amendment.

Count IV raises similar arguments. In 1987, a state action was commenced by private individuals to enjoin appellants from cutting wood on property owned by these individuals. Apparently, appellants again attempted to assert their ownership of the property in question based upon the deeds described in Count I. The state court relied on the order of the bankruptcy court to hold that the issue had been decided adversely to appellants. The action by the state court, according to appellants, deprived them of their property without due process of law in violation of the Fourteenth Amendment.

Finally, in Count V, appellants allege that all three defendants "acted in concert with each other to deprive plaintiffs of all of the property and homestead interests . . . without the due process of law . . . in violation of . . . the Fourteenth Amendment to the United States Constitution."

B. 
Discussion
.

state law
, the United States and the bankruptcy court obviously are not proper defendants. In any event, appellants already have received review of the orders of the bankruptcy court. They state that they pursued an appeal to the district court in September 1984. 
See
Appellants' claims against the state of New Hampshire concern the actions taken by the state court. As such, they are governed by 
Rooker
 v. 
Fidelity Trust Co.
, 263 U.S. 413 (1923). In 
Rooker
, the Supreme Court held that it was the only federal court which could entertain a proceeding to "reverse or modify" a state court judgment. 
Id.
 at 416. Thus, this court has no jurisdiction to review the state court proceedings about which appellants complain.

Malachowski
 v. 
City of Keene
, 787 F.2d 704, 710 (1st Cir.) (per curiam) (private attorney, sued for actions taken as a court-appointed counsel, is not acting under color of state law), 
cert. denied
, 479 U.S. 828 (1986). Appellants' assertion in Count V that Eggert acted "in concert" with the two other defendants is insufficient to meet this requirement.

Glaros
 v. 
Perse
, 628 F.2d 679, 685 (1st Cir. 1980) (citation omitted). The nature of the relationship and the factual basis of the alleged conspiracy must be "pled in some detail." 
Id.
 No such showing has been made in this case.

II
. 
Appeal No. 92-2401

A. 
The 
Complaint
.

The complaint in this appeal lists only the town of Marlborough, New Hampshire, as defendant. However, in the body of the 60-paragraph, 13-count complaint, appellants name other defendants. Count I lays out the background. It states that in November 1980, appellants discovered that the town's tax maps were drawn in such a way so as to deprive them of certain real estate they allegedly owned. As a result of their discovery, appellants claim that the town developed a bias against them and prohibited them from having the tax maps corrected so that title to the real estate could be resolved. The rest of the complaint provides more detail concerning the town's attempts to "hinder, oppress, threaten and intimidate" appellants in their efforts. The town's actions include the following:

(a). In April 1981, appellants claim that a police officer sat and watched while appellants were threatened and assaulted by certain residents of Marlborough. Appellants sought relief by going to the police station where the police again ignored their request for assistance. Also, appellant Scott Veale claims that the police chief "arrested" him for fifteen minutes after which the police chief ordered appellants to leave town. (Count II).

(b). In November 1982, appellants state that the town selectmen denied them a building permit which would have allowed them to place their mobile home on land in Marlborough. Appellants claim that they were denied the permit even though the zoning laws permitted such action. Appellants suggest that the town's actions were biased and based on a dispute between appellants and other private individuals concerning title to the land. (Count III).

(c). In October 1984, appellants state that they were charged with violating the town's zoning laws based on the presence of the mobile home on land in Marlborough. Appellants state that these charges ultimately were dropped. (Count IV). Also in 1984, appellants claim that a Marlborough dog officer "kidnapped" one of appellants' dogs allegedly on the ground that neighbors had complained about violations of the leash law. Appellants aver that they never were able to retrieve the dog. (Count V).

(d). In May 1985, appellants allege that they were arrested for cutting trees and removing wood from land which they supposedly owned but which the 1980 tax maps indicated belonged to others. Appellants claim that the wood they had cut was confiscated, taken to a sawmill and later sold without appellants' knowledge. Appellants also claim that they were forced to plead guilty to these charges and, thus, were denied their right to a fair trial by a jury. Additionally, they claim that a public defender told them to raise, as a defense, the dispute concerning who had title to the real estate in question. However, the state court refused to consider the property issue and, in an alleged abuse of discretion, found appellants guilty. (Count VI).

(e). Appellants claim that in February 1986, the town removed appellants' dump truck from the parking lot of the town library. A Marlborough police officer then allegedly arrested appellant Scott Veale for theft of an overdue library book. Scott Veale later was found not guilty. (Count VII). Also in February 1986, appellants claim that the town refused to let them register their motor vehicles or register to vote as residents of the town. Appellants state that they were forced to obtain a court order directing the town to provide appellants with the above relief. (Count VIII).

Later, in April 1986, appellants allegedly were arrested for threatening to shoot the tires on a tow truck the police department stated it would use to remove one of appellants' vehicles from the land on which it was parked. Even though appellants apparently were found not guilty after trial, they charge that they had spent five days in jail for contempt. Appellants claim that the contempt order was improperly based on their request for a continuance so that they could obtain court-appointed counsel. (Count IX). Finally, in May 1986, appellants charge that they were arrested for littering during their attempt to relocate their mobile home. As a result, appellants claim, their mobile home was impounded and personal property belonging to appellants was destroyed. At trial, appellants state that they were found not guilty. (Count X).

(f). In July 1989, appellants again requested a building permit from the town selectmen so that they could locate their mobile home on land in Marlborough. According to appellants, they were told that the zoning laws had changed after 1986 and mobile homes were no longer allowed in Marlborough. Appellants, believing they possessed a "pre-existing non-conforming use," moved their mobile home back to Marlborough in November 1989.

Two days later, appellants state that they were charged with violations of the town's zoning laws. The mobile home was seized and subsequently sold at a public auction. They claim that they were not provided with adequate notice of the seizure. (Count XI). Similarly, in 1990, appellants were charged with zoning violations after moving their camper onto property in Marlborough. They claim that they were ordered to remove the camper without proper notice and a sufficient hearing. At a preliminary hearing, appellants attempted to raise their claim that they owned the land in question but, they assert, were denied the opportunity to do so. (Count XII).

The last count recites that the town, in November 1990, again refused to allow appellants to register their motor vehicles and refused to let appellants register to vote. Accordingly, appellants filed suit in federal district court, and, after a preliminary hearing, allegedly obtained an order directing the town to allow appellants to declare Marlborough as their residence. Appellants charge that the town still has not let them register their motor vehicles and pistols. (Count XIII).

Appellants aver that the above actions violated their Fourteenth Amendment equal protection and due process rights, their Fourth Amendment rights to be free from unlawful arrest and their Fifteenth Amendment rights to vote.

B. 
Discussion
.

In their brief, appellants identify only one issue for appeal: whether the town of Marlborough deprived them of their property rights without due process of law in 1986 and 1989 when it denied appellants' applications for permits to place their mobile home on land in Marlborough.
2:
Appellants have not briefed any of the other claims asserted below. Thus, they are waived. 
See
 
Gaudreault
 v. 
Municipality of Salem
, 923 F.2d 203, 205 n.1 (1st Cir. 1990), 
cert. denied
, 111 S. Ct. 2266 (1991).

 Specifically, appellants claim that they were denied the right to a hearing on the underlying dispute concerning whether they actually owned the land upon which they wished to park their mobile home and other vehicles. This dispute essentially concerns zoning decisions made by the town and its board of selectmen. As such, it fails.

"[F]ederal courts do not sit as a super zoning board or a zoning board of appeals." 
Raskiewicz
 v. 
Town of New Boston
, 754 F.2d 38, 44 (1st Cir.), 
cert. denied
, 474 U.S. 845 (1985). In the absence of a "fundamental procedural irregularity [or] racial animus," a conventional zoning dispute does not implicate constitutional concerns. 
Creative Environments, Inc.
 v. 
Estabrook
, 680 F.2d 822, 833 (1st Cir.), 
cert. denied
Chongris
 v. 
Bd. of Appeals of Town of Andover
, 811 F.2d 36, 41-42 (1st Cir.), 
cert. denied
, 483 U.S. 1021 (1987). Rather, such disputes are primarily of concern only to the state. 
Creative Environments
, 680 F.2d at 833.

Chongris
, 811 F.2d at 43. 
See also
 
Chiplin Enterprises, Inc.
 v. 
City of Lebanon
Creative Environments
, 680 F.2d at 833.

Further, chapter 677 of the New Hampshire Revised Statutes provides for rehearings of local zoning decisions and appeals of such decisions to the New Hampshire superior courts. 
See

Raskiewicz
see
 
also
 
Chongris
, 811 F.2d at 41.

Although appellants aver in their brief on appeal that they were denied such procedures, this claim is belied by a document filed in the district court which lists at least fifteen cases concerning appellants and the town of Marlborough.
3:
This list -- attached to appellants' objections to the report and recommendation of the magistrate judge in the companion case -- includes over fifty cases to which appellants were parties spanning the years 1982 to 1992.

 Indeed, in a 1990 zoning action, the town filed a motion to amend to add a request that the superior court specifically consider the question of property ownership. This was done in response to appellants' allegation in their answer filed in this zoning action that they had been denied a forum in which to litigate this issue. In the face of such evidence, it is plain that appellants have had more than a sufficient opportunity to have the state and federal courts address their claims.

Based upon the foregoing, we 
affirm
 the judgments of the district court in both appeals. Accordingly, appellants' motions for oral argument and expedited consideration are denied.